UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

APTIM CORP                                              CIVIL ACTION

VERSUS                                                  NO: 17-8081

DORSEY MCCALL                                           SECTION "H"

## ORDER AND REASONS

Before the Court is Plaintiff's Motion to Compel Arbitration and Stay State Court Proceeding (Doc. 7). For the following reasons, the Motion is GRANTED.

## BACKGROUND

Despite its recent filing, this matter has brought with it a sordid and complicated procedural background. On June 15, 2017, Shaw Group, Inc. ("Shaw") filed an action against Dorsey Ron McCall in the 19th Judicial District Court of Louisiana alleging breach of a non-compete and non-solicitation employment agreement (the "Employment Agreement") and requesting an injunction and damages (the "State Court Action"). The parties proceeded to a hearing on Shaw's motion for a temporary restraining order to prevent McCall

1

from working for his new employer, Allied Power Management, LLC ("Allied"). The parties ultimately entered into a joint protective order. Allied joined the State Court Action as an intervenor.

On June 30, 2017, Aptim Corp ("Aptim") acquired the capital services business segment of Shaw. As part of the sale, Aptim was assigned rights relating to McCall's Employment Agreement. On July 6, 2017, Shaw filed a motion to substitute Aptim as plaintiff in the State Court Action. McCall and Allied opposed this motion and sought discovery of the assignment of rights between Aptim and Shaw.

On July 17, 2017, prior to the issuance of an order regarding the motion to substitute, Shaw withdrew the motion. On the same day, Shaw amended its petition to remove its request for damages and then moved to voluntarily dismiss its claims with prejudice. Also on that same day, Aptim filed a demand for arbitration with the AAA pursuant to the arbitration clause in McCall's Employment Agreement. Perceiving Shaw's actions to be indicative of forum shopping and in violation of the protective order, McCall and Allied opposed its motion for voluntary dismissal. The state court thereafter denied Shaw's motion for voluntary dismissal.

Upon receiving the notice of arbitration, McCall and Allied filed a Motion to Stay Arbitration in the State Court Action. After a hearing on the motion, the state court issued an order on September 1, 2017, stating that:

> IT IS HEREBY ORDERED that:
>
> 1. Aptim is recognized and joined with Shaw as a party-litigant, effective June 30, 2017, in accordance with La.C.C.P. art. 807.
>
> IT IS FURTHER ORDERED that:

2. The filing and prosecution of the above captioned action constituted a waiver of the arbitration provision of the Employment Agreement and Noncompete Agreement entered into between McCall and The Shaw Group, Inc. ("Shaw"), effective January 1, 2012.

IT IS FURTHER ORDERED that:

3. Shaw and Aptim have engaged in a pattern of forum shopping.

IT IS FURTHER ORDERED that:

4. Aptim's filing of the arbitration proceeding against McCall with the American Arbitration Association on July 17, 2017 (Case No. 01-17-0004-1782) (the "Arbitration") was in violation of the Joint Protective Order entered by this Court on June 20, 2017.

IT IS FURTHER ORDERED that:

5. Allied and McCall's Joint Motion to Stay Arbitration is therefore granted and the Arbitration is stayed.

Accordingly, the State Court Action remains pending, and the parties are engaged in ongoing discovery.

On August 21, 2017, Aptim filed the instant action before this Court against McCall, asking for expedited consideration and seeking an order compelling arbitration and staying the state court proceeding pursuant to the Federal Arbitration Act ("FAA"). Pursuant to the FAA, a petition to compel arbitration "shall be made and heard in the manner provided by law for the making and hearing of motions," and this Court ordered expedited response thereto.[8] McCall filed an opposition, arguing that (1) this Court lacks jurisdiction, (2) that it should abstain from exercising its jurisdiction under the *Colorado River* abstention doctrine, and (3) that Plaintiff has waived its right

---
[8] 9 U.S.C. § 6.

to arbitration. The Court held oral argument on these issues on September 8, 2017 and took Plaintiff's Motion under advisement.

In an attempt to give the parties some speedy relief, the Court held on September 12, 2017 that it had jurisdiction over this dispute and would exercise that jurisdiction. It ordered Defendant to file responsive pleadings. On September 18, 2017, Defendant filed a Motion to Dismiss setting forth substantially the same arguments at issue here.

## **LEGAL STANDARD**

The question of arbitrability is governed by the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 et seq., which broadly applies to any written provision in "a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction."[1] A two-step analysis governs whether parties should be compelled to arbitrate a dispute.[2] The Court must first determine whether the parties agreed to arbitrate the dispute.[3] This determination involves two separate inquiries: (1) whether there is a valid agreement to arbitrate between the parties, and, if so, (2) whether the dispute in question falls within the scope of that agreement.[4] Both inquires are generally guided by ordinary principles of state contract law.[5] The strong federal policy favoring arbitration applies "when addressing ambiguities regarding whether a question falls within an arbitration agreement's scope," but it does not apply "when determining

---

[1] Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24 (1983).
[2] JP Morgan Chase & Co. v. Conegie ex rel. Lee, 492 F.3d 596, 598 (5th Cir. 2007).
[3] Banc One Acceptance Corp. v. Hill, 367 F.3d 426, 429 (5th Cir. 2004).
[4] Sherer v. Green Tree Servicing LLC, 548 F.3d 379, 381 (5th Cir. 2008).
[5] *See* First Options of Chi., Inc. v. Kaplan, 514 U.S. 938, 944 (1995).

whether a valid agreement exists."[6] If the Court finds the parties agreed to arbitrate, it must then proceed to the second step of the analysis and consider whether any federal statute or policy renders the claims non-arbitratable.[7]

## LAW AND ANALYSIS

Before this Court can consider Plaintiff's request to compel arbitration, it must consider the two threshold issues raised by Defendant. Defendant argues that (1) this Court lacks jurisdiction over this dispute, and (2) that the Court should abstain under the *Colorado River* doctrine from hearing this matter. This Court will consider each argument in turn.

### A. Jurisdiction

Defendant first argues that this Court lacks subject matter jurisdiction. Plaintiff alleges jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332. Defendant argues that the Complaint fails to properly plead the citizenship of Defendant when it states merely that he "resides in Lake Charles, Louisiana." Defendant correctly points out that an allegation of residency is insufficient to establish citizenship.[9]

Plaintiff's failure to properly allege citizenship is not fatal, however.[10] Under 28 U.S.C. § 1653, "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." Where "jurisdictional problems are of the 'technical' or 'formal' variety, they fall squarely within the

---

[6] *Sherer*, 548 F.3d at 381.
[7] Primerica Life Ins. Co. v. Brown, 304 F.3d 469, 471 (5th Cir. 2002).
[9] *See* Monardes v. Ayub, 339 F. App'x 369, 370 (5th Cir. 2009) ("An allegation of residency is not sufficient for diversity jurisdiction purposes; instead, a plaintiff must allege citizenship to satisfy the requirements of § 1332(a).").
[10] *See* Whitmire v. Victus Ltd., 212 F.3d 885, 887 (5th Cir. 2000).

ambit of § 1653."[11] Thus, amendment should be allowed where "'diversity jurisdiction was not questioned by the parties and there is no suggestion in the record that it does not in fact exist.'"[12]

Defendant does not argue that he is not a citizen of Louisiana, and there is nothing in the record to suggest such. Rather, the defect identified by Defendant is easily remedied through an amendment to the Complaint. Because Plaintiff is a citizen of Delaware and Texas, Defendant is a citizen of Louisiana, and the amount in controversy exceeds $75,000, this Court has diversity subject matter jurisdiction over this matter. Plaintiff shall be granted leave to amend its Complaint to properly allege such.

**B. Abstention**

Defendant next argues that this Court should abstain from deciding the issues before it pursuant to the *Colorado River* abstention doctrine. The *Colorado River* abstention doctrine allows a court to abstain from exercising its jurisdiction under exceptional circumstances. *Colorado River* applies "when suits are parallel, having the same parties and the same issues."[13] "Under *Colorado River*, a district court may abstain from a case only under 'exceptional circumstances.'"[14] The Supreme Court has identified six factors to consider in deciding whether "exceptional circumstances" exist:

> 1) assumption by either court of jurisdiction over a res, 2) relative inconvenience of the forums, 3) avoidance of piecemeal litigation, 4) the order in which jurisdiction was obtained by the concurrent forums, 5) to what extent federal law provides the rules of decision

---

[11] *Id.*
[12] Stafford v. Mobil Oil Corp., 945 F.2d 803, 806 (5th Cir. 1991) (quoting Leigh v. Nat'l Aeronautics & Space Admin., 860 F.2d 652, 653 (5th Cir. 1988)).
[13] Stewart v. W. Heritage Ins. Co., 438 F.3d 488, 491 (5th Cir. 2006).
[14] *Id.*

on the merits, and 6) the adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction.[15]

The factors are to be weighed "with the balance heavily weighted in favor of the exercise of jurisdiction."[16]

The Court must therefore first determine the threshold question of whether this action is parallel to the State Court Action. To determine whether actions are parallel, "a court may look both to the named parties and to the substance of the claims asserted to determine whether the state proceeding would be dispositive of a concurrent federal proceeding."[17] The Fifth Circuit has stated that the identity of the parties and issues need not be precise. "The critical determination is whether the non-federal litigation will dispose of all claims raised in the federal court action."[18]

The action before this Court involves Aptim and McCall, while the State Court Action initially involved Shaw, McCall and Intervenor Allied. Since the filing of this action, however, the state court *sua sponte* added Aptim as a party in the State Court Action. Accordingly, there is currently a pending state court action between Aptim and McCall.[19] The State Court Action has addressed the right to arbitration under the same Employment Agreement at issue here. Setting aside the unusual procedural posture of the State Court Action, it remains that the state court's decision to include Aptim as a party and stay the

---

[15] *Id.*
[16] *Id.*
[17] Air Evac EMS, Inc. v. Texas, Dep't of Ins., Div. of Workers' Comp., 851 F.3d 507, 520 (5th Cir. 2017).
[18] Bar Grp., LLC v. Bus. Intelligence Advisors, Inc., 215 F. Supp. 3d 524, 543 (S.D. Tex. 2017).
[19] "*Colorado River* abstention may be applied when: a state proceeding is ongoing and is parallel to the federal proceeding . . . ." *Air Evac EMS, Inc.*, 851 F.3d at 520.

arbitration is potentially conclusive of the claims at issue here. Accordingly, the matters are parallel.

This Court will therefore consider whether there is an exceptional circumstance for which abstention is warranted in this matter.

### 1. Res at Issue

Neither this Court nor the state court has assumed jurisdiction over any res. Therefore, this factor weighs against abstention.[20]

### 2. Inconvenience of the Forums

This factor "primarily involves the physical proximity of [each] forum to the evidence and witnesses."[21] The state court in Baton Rouge is only about 80 miles from this Court in New Orleans. Accordingly, this factor is neutral at best.

### 3. Avoidance of Piecemeal Litigation

Defendant argues that this factor supports abstention because without abstaining the Court will have to litigate the same issues addressed by the state court, creating the potential for inconsistent judgments. The Fifth Circuit has made clear, however, that the concern for inconsistent judgments is limited to cases involving pieces of property. "When, as here, no court has assumed jurisdiction over a disputed res, there is no such danger."[22] "Allowing a federal court to order arbitration, even where a state court may construe an arbitration clause differently, is fully consistent with this established congressional intent."[23] "Furthermore, the potential problem of inconsistent

---

[20] *See Bar Grp., LLC*, 215 F. Supp. 3d at 543.
[21] African Methodist Episcopal Church v. Lucien, 756 F.3d 788, 800 (5th Cir. 2014).
[22] Black Sea Inv., Ltd. v. United Heritage Corp., 204 F.3d 647, 650–51 (5th Cir. 2000).
[23] Nationstar Mortg. LLC v. Knox, 351 F. App'x 844, 851–52 (5th Cir. 2009).

judgments may be obviated through a plea of res judicata if one court renders judgment before the other."[24]

"The real concern at the heart of the third *Colorado River* factor is the avoidance of piecemeal litigation."[25] The Supreme Court has stated that "a decision to allow [arbitrability] to be decided in federal rather than state court does not cause piecemeal resolution of the parties' underlying disputes."[26] In addition, the strong federal policy in favor of arbitration outweighs any concern for piecemeal litigation.[27] This factor therefore weighs against abstention.

### 4. Order of Jurisdiction

In considering this factor, the Supreme Court has counseled that "priority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions."[28] The State Court Action was filed on June 15, 2017 and has already seen a flurry of filings, including a hearing on a temporary restraining order. This action was filed on August 21, 2017 and only the instant motion has been filed. Our analysis, however, does not stop there. As detailed above, Aptim was not added as a party to the State Court Action until the court's order on September 1. Although substantial litigation has taken place in the State Court Action, nearly all of that litigation took place without the involvement of Aptim and without any party representing Aptim's rights. After Aptim's acquisition of Shaw's rights in the State Court Action on June 30, 2017, litigation in the State

---

[24] U.S. Fire Ins. Co. v. Hous. Auth. of New Orleans, 917 F. Supp. 2d 581, 590 (E.D. La. 2013).
[25] *Black Sea Inv., Ltd.*, 204 F.3d at 650–51.
[26] Moses H. Cone Mem'l Hosp., 460 U.S. at 20.
[27] Am. Family Life Assur. Co. of Columbus v. Biles, 714 F.3d 887, 892 (5th Cir. 2013).
[28] *Moses H. Cone Mem'l Hosp*, 460 U.S. at 21.

9

Court Action continued for more than a month without Aptim's involvement. Aptim attempted to be substituted as the proper party plaintiff but withdrew this request in favor of arbitration after McCall and Allied opposed the substitution. Aptim was only recently added to the State Court Action[29] and thus has not engaged in substantial litigation of its rights. This factor is neutral at best.

**5. Federal Law Governance**

Plaintiff's Petition to Compel Arbitration presents a question of substantive federal law.[30] "[T]he presence of federal-law issues must always be a major consideration weighing against surrender."[31]

**6. Adequacy of State Proceedings**

Finally, Aptim argues that this factor weighs heavily against abstention because the state court has been hostile toward its right to arbitration. This Court does not adopt such an argument, but rather, finds that "the state court is a concurrent forum where motions to compel arbitration may be considered on the merits, pursuant to 9 U.S.C. § 4."[32] This Court sees no reason to "doubt the adequacy of the state court's ability to resolve arbitrability issues."[33] That said, "the adequacy of state proceedings never weighs in favor of abstention—it is either a neutral factor or one that weighs against abstention."[34] Accordingly, this factor is neutral.

---

[29] This Court notes that McCall and Allied apparently had no objection to the sua sponte addition of Aptim as a party.
[30] *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 26.
[31] *Id.*
[32] Nationstar Mortg. LLC v. Knox, 351 F. App'x 844, 852 (5th Cir. 2009).
[33] *Id.*
[34] Saucier v. Aviva Life & Annuity Co., 701 F.3d 458, 465 (5th Cir. 2012).

In conclusion, three of the *Colorado River* factors weigh against abstention and three are neutral. There are therefore no exceptional circumstances that compel this Court to abstain from hearing Plaintiff's petition to compel arbitration and stay the State Court Action. Indeed, the *Colorado River* abstention doctrine "represents an extraordinary and narrow exception to the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them."[35] This Court will exercise its jurisdiction.

**C. Arbitration**

Aptim has asked this Court to compel McCall to submit to arbitration of its claims for breach of his Employment Contract and to stay the State Court Action. Defendant argues, however, that Plaintiff has waived its right to arbitration by initiating litigation in state court. "Waiver will be found when the party seeking arbitration substantially invokes the judicial process to the detriment or prejudice of the other party."[36] "Waiver of arbitration is not a favored finding, and there is a presumption against it."[37] The party seeking to show waiver bears the heavy burden of proof.[38]

Defendant argues that Plaintiff has waived its right to arbitration because it brought suit against him in state court seeking injunctive relief and damages. He argues that the parties have engaged in the filing of numerous pleadings and motions, held several court hearings, and engaged in discovery and depositions. Defendant's arguments, however, impose the actions of Shaw onto Aptim. As Plaintiff points out, it has not participated in the State Court

---

[35] *Black Sea Inv., Ltd.*, 204 F.3d at 650.
[36] Miller Brewing Co. v. Fort Worth Distrib. Co., 781 F.2d 494, 497 (5th Cir. 1986).
[37] *Id.*
[38] Broussard v. First Tower Loan, LLC, 150 F. Supp. 3d 709, 725 (E.D. La. 2015).

11

Litigation, beyond momentarily seeking substitution. Plaintiff filed its arbitration demand only a month after the State Court Action commenced and only eleven days after it attempted to substitute into the State Court Action. Plaintiff's actions do not rise to the level of substantially invoking the judicial process, and Defendant has offered no argument why Shaw's actions should be imputed to Plaintiff. Accordingly, Plaintiff has not waived its right to arbitration.

Defendant does not argue that the arbitration agreement is not valid or that this dispute is outside its scope. Indeed, he does not assert any additional arguments against its enforcement. Accordingly, pursuant to the arbitration clause in his Employment Agreement, McCall shall be compelled to arbitrate Aptim's claims.

### D. Stay of State Court Proceedings

Finally, Defendant contests Plaintiff's request for a stay of the State Court Action, arguing that it would be a violation of the Anti-Injunction Act. The Anti-Injunction Act states, "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."[39] Plaintiff argues that the Court has the authority to stay the State Court Action under the third exception of the Anti-Injunction Act—to protect or effectuate its judgments. It is well-settled that "[a]n order compelling arbitration . . . is a final decision that qualifies as a 'judgment' under the Anti–Injunction Act."[40] In addition, the Fifth Circuit in *American*

---

[39] 28 U.S.C. § 2283.
[40] Am. Family Life Assur. Co. of Columbus v. Biles, 714 F.3d 887, 893 (5th Cir. 2013).

*Family Life Assurance Company of Columbus v. Biles* held that "a district court has the discretion to issue an order staying a related state court proceeding it has determined must be submitted to arbitration if the district court concludes that it is necessary to protect or effectuate its order compelling arbitration."[41]

Defendant argues, however, that *Biles* is distinguishable because, in this matter, the state court has already ruled on the issue of arbitrability and stayed the arbitration. This Court agrees that the facts here are distinguishable from *Biles*, however, it finds that they present an even more compelling case for the issuance of a stay. The state court's contrary holding necessitates action by this Court to protect its judgment. Indeed, the Fifth Circuit has affirmed a stay in a similar situation where the state court had previously issued an order staying any action on a motion to compel arbitration and permitting full discovery.[42] Accordingly, this Court finds that "the principle of judicial economy, the strong judicial policy favoring arbitration expressed by the Supreme Court, the plain language of the Anti–Injunction Act, and the policies embodied in the FAA warrant a stay" of the State Court Action between Aptim and McCall.[43]

## **CONCLUSION**

For the foregoing reasons, Plaintiff's Motion to Compel Arbitration and Stay State Court Proceedings are **GRANTED** and a final judgment shall enter.

---

[41] *Id.*
[42] *See* Conseco Fin. Servicing Corp. v. Shinall, 51 F. App'x 483 (5th Cir. 2002).
[43] Republic Fin. v. Cauthen, 343 F. Supp. 2d 529, 538 (N.D. Miss. 2004).

**IT IS ORDERED** that the Aptim Corp and Dorsey Ron McCall shall submit to arbitration Aptim's claims pursuant to McCall's Employment Agreement.

**IT IS FURTHER ORDERED** that *The Shaw Group v. Dorsey Ron McCall* (No. 658781, Division D) pending in the 19th Judicial District Court of Louisiana is **STAYED** as between Aptim Corp and McCall.

**IT IS FURTHER ORDERED** that Plaintiff shall amend its Complaint to properly allege diversity jurisdiction within 5 days of this Order.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss is **DENIED AS MOOT.**

New Orleans, Louisiana this 19th day of September, 2017.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**