UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| APTIM CORP | CIVIL ACTION |
| VERSUS | NO: 17-8081 |
| DORSEY MCCALL | SECTION "H" |

## ORDER AND REASONS

Before the Court is Defendant's Motion to Stay Order and Judgment Pending Appeal (Doc. 32). For the following reasons, the Motion is DENIED.

## BACKGROUND

The background facts of this matter were detailed in this Court's prior order, and knowledge of those facts is presumed.[1] On September 26, 2017, this Court entered judgment in this matter, holding that this Court would not abstain pursuant to the *Colorado River* doctrine and that Plaintiff had not waived its right to arbitration. The Court ordered the parties to arbitrate and

---

[1] *See* Doc. 21.

1

stayed the related state court action (the "State Court Action"). Defendant now moves for an order staying that judgment pending its appeal.

## **LEGAL STANDARD**

"The standards governing the issuance of stays are well established."[2] Courts have long recognized four factors to consider when determining whether a stay should be granted: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies."[3] "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of [judicial] discretion."[4] Ultimately, "a stay is not a matter of right, even if irreparable injury might otherwise result."[5]

## **LAW AND ANALYSIS**

Defendant moves this Court for an order staying its judgment pending appeal. This Court must therefore consider the four factors outlined above.

### A. Likelihood of Success

At the outset, the parties disagree on the standard the Court should apply to consider this first factor. The Fifth Circuit has said that "on motions for stay pending appeal the movant need not always show a 'probability' of

---

[2] Voting for Am., Inc. v. Andrade, 488 Fed. App'x 890, 905 (5th Cir. 2012) (Dennis, J. dissenting).
[3] Nken v. Holder, 556 U.S. 418, 434 (2009).
[4] *Id.* at 433–34 (citations omitted).
[5] *Id.* (citing Virginian R. Co. v. United States, 272 U.S. 658, 672 (1926)).

success on the merits; instead, the movant need only present a substantial case on the merits when a serious legal question is involved and show that the balance of the equities weighs heavily in favor of granting the stay."[6] It has also stated, however, that when the issue is "merely a private contractual matter regarding whether arbitration is required, no substantial legal question is involved."[7] Defendant has not convinced this Court that this matter has "far-reaching effects or public concerns" such that the more relaxed standard is appropriate.[8] Accordingly, Defendant must show a likelihood of success on the merits in order to satisfy this factor.

Defendant contends that he is likely to succeed on his appeal and argues that this Court erred in each step of its analysis in declining to abstain, compelling arbitration, and staying the State Court Action. In arguing its position, Defendant sets forth two unique arguments: (1) the Court failed to distinguish *Preferred Care of Delaware, Inc. v. VanArsdale*, 676 F. App'x 388, 392 (6th Cir. 2017), a case upon which Defendant relied heavily, and (2) the Court failed to impute Shaw's actions to Aptim.

First, *VanArsdale* is an opinion by the Sixth Circuit Court of Appeals. This Court is not bound by rulings of the Sixth Circuit, rather, it must follow the precedent of the Fifth Circuit. This Court's decision not to abstain under the *Colorado River* doctrine is consistent with Fifth Circuit precedent as discussed in the Court's prior order.

---

[6] Ruiz v. Estelle, 650 F.2d 555, 565 (5th Cir. 1981).
[7] Weingarten Realty Inv'rs v. Miller, 661 F.3d 904, 910 (5th Cir. 2011).
[8] Wildmon v. Berwick Universal Pictures, 983 F.2d 21, 24 (5th Cir. 1992).

Second, Defendant argues that under Louisiana's assignment law, Aptim stepped into the shoes of Shaw and all defenses available against Shaw should have been available against Aptim. It argues that Shaw's actions in the State Court Action should therefore have been imputed to Aptim. Defendant, however, did not make any argument regarding Louisiana assignment law in its opposition to Plaintiff's Motion to Compel Arbitration. Indeed, this Court noted in its prior Order that, "Defendant has offered no argument why Shaw's actions should be imputed to [Aptim]."[9] "[A]rguments not raised before the district court are waived and cannot be raised for the first time on appeal."[10]

Even so, this Court makes two observations regarding Defendant's assignment argument. First, Aptim was never substituted into the State Court Action in place of Shaw because Defendant opposed such. Second, when Aptim was *sua sponte* added to the state court action, it was added as an additional party. Shaw remained in the action, and Aptim was not substituted in its place. It is therefore difficult for this Court to say that Aptim should now be held accountable for Shaw's actions when Defendant opposed a substitution and such was never actually made. Defendant has not shown a likelihood of success on the merits of this argument.

Defendant's remaining arguments were previously rejected in the Court's prior order, and this Court finds for the reasons previously stated that they do not support a likelihood of success on the merits. Accordingly, Defendant has failed to satisfy this factor, and it therefore weighs against staying the Court's judgment pending appeal.

---

[9] Doc. 21.
[10] SCA Promotions, Inc. v. Yahoo!, Inc., 868 F.3d 378, 384 (5th Cir. 2017).

**B. Irreparable Injury**

Defendant argues that he will be irreparably injured if this Court does not stay its order compelling arbitration because he will be forced to expend substantial time and money arbitrating this dispute, which could all be for naught if the Court's ruling is reversed on appeal. Defendant does not cite to any case holding that the expense and time of arbitration constitutes irreparable injury. Indeed, "[a]n injury is 'irreparable' only if it cannot be undone through monetary remedies."[11] "[T]he expense of inappropriate arbitration . . . [does] not constitute irreparable harm."[12] Accordingly, this factor counsels against a stay.

**C. Injury to Aptim**

Plaintiff argues that it will suffer irreparable harm if arbitration is delayed because in addition to monetary damages, it seeks injunctive relief to prevent Defendant from violating his non-compete agreement with Plaintiff. The longer arbitration is delayed, the longer Defendant may act in violation of the agreement. In addition, courts have held that the loss of the right to arbitrate constitutes irreparable harm. "Since swift and less costly resolution of disputes is the primary reason for an agreement to arbitrate, an injunction against arbitration can cause irreparable harm. That is a major reason why injunctions staying arbitrations are viewed with disfavor."[13] Accordingly, Defendant would suffer irreparable harm if this Court's judgment ordering arbitration is stayed.

---

[11] City of Meridian v. Algernon Blair, Inc., 721 F.2d 525, 529 (5th Cir. 1983).
[12] *Id.*
[13] *Id.*

5

### D. Public Interest

Finally, it is well settled that the Federal Arbitration Act represents "a national policy favoring arbitration."[14] In light of this strong federal policy, the Court finds that the public interest would be thwarted by staying arbitration.[15] "[T]he public interest in speedy resolution of disputes prevails."[16]

In sum, Defendant has not established any basis for the issuance of a stay of this Court's judgment pending appeal. His request is therefore denied.

### CONCLUSION

For the foregoing reasons, Defendant's Motion to Stay is DENIED.

New Orleans, Louisiana this 8th day of November, 2017.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[14] Southland Corp. v. Keating, 465 U.S. 1, 10 (1984).
[15] *See City of Meridian*, 721 F.2d at 529.
[16] *Weingarten Realty Inv'rs*, 661 F.3d at 913.